IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL No. 1:20-cr-00158 |
| | : | |
| | : | |
| **DIANE STURGIS** | : | |

**DEFENDANT DIANE STURGIS' SENTENCING MEMORANDUM *[REDACTED]***

Defendant, Diane Sturgis, by and through her attorney, Michael van der Veen, hereby submits this Sentencing Memorandum for this Honorable Court's consideration prior to and during the sentencing of Defendant and in support thereof avers as follows:

On or about July 28, 2020, Defendant, Diane Sturgis, entered a plea of guilty to felony offense: one count of Conspiracy to Commit Bribery and Honest Services Wire Fraud, in violation of 18 U.S.C. § 371. Sentencing is set for March 30, 2021.

**I.     SENTENCING GUIDELINES AND OBJECTIONS**

Mrs. Sturgis objects to three sentencing enhancements in the *Presentence Investigation Report* (Doc. 18) (filed 3/21/21) [hereinafter *PSR*]. Specifically, (1) the two-level enhancement for an offense involving more than one bribe, pursuant to USSG § 2C1.1(b)(1); (2) the six-level enhancement for a loss of at least $40,000, pursuant to USSG § 2B1.1(b)(1)(D); and (3) the four-level enhancement for an offense involving a public official in a high-level position, pursuant to USSG § 2C1.1(b)(3). See *PSR* at 11 ¶¶ 61-31 & *Addendum*.

**A.   Defendant Pled Guilty to a Single Count of Bribery**

In its sentencing memorandum, the government acknowledged that the four payments made to Mrs. Sturgis' daughter were installments on a single consulting agreement valued at

$30,000. Yet, the Government still twists this fact to attempt to add two levels to Mrs. Sturgis' offense level with an adjustment that is reserved for when there is more than one incident of bribery or extortion. The Government is correct when it states that courts have considered: (1) whether "the payments were made to influence a single action," (2) whether "the pattern and amount of payments bear the hallmarks of installment payments, such as a regular schedule of payments over a finite period of time toward a fixed final sum, rather than a series of intermittent and varied bribes" and (3) whether "the method for making each payment remains the same[.]" United States v. Arshad, 239 F.3d 276, 281-82 (2d Cir. 2001). However, the Government's conclusion is incorrect.

The payments were made to [REDACTED] because Mrs. Sturgis generated a Statement of Work for [REDACTED], a single action. Clearly "the pattern and amount of payments bear the hallmarks of installment payments, such as a regular schedule of payments over a finite period of time toward a fixed final sum, rather than a series of intermittent and varied bribes" because the government admits there was a single consulting agreement valued at $30,000. Simply splitting the $30,000 into four even payments of $7500 does not equal intermittent and varied bribes. It is quite literally the opposite of both. Lastly, the method for making each payment was evidently the same as Lauren Winfield was paid in exchange for submitted consulting reports and invoices for the pre-arranged $7500 payments.

None of the cases the Government cite are properly applied to Mrs. Sturgis. *Soumano* references two sums that were not installments toward the payment of a larger, previously-agreed upon amount. Again, the Government concedes the payments were installments on a single consulting agreement valued at $30,000. *Kahlon* mentions bribe payments that were not installment payments for a single action. The $30,000 agreement with Mrs. Sturgis was made after

2

the Statement of Work was authorized, a single action. *Gross* involved a defendant that did not contend that two payments made were each installments for a larger previously agreed upon amount. Conversely, Mrs. Sturgis does contend that the $7500 payments were installments for a previously agreed upon amount and the Government acknowledged such.

Defense maintains and the Government agrees, despite their attempts to do otherwise, that Mrs. Sturgis' case involves one incident of bribery for a total of $30,000 and therefore the two-level enhancement pursuant to USSG § 2C1.1(b)(1), for an offense involving more than one bribe, does not apply.

### B.  The Bribery Amount Totaled $30,000

As discussed above, the Government has acknowledged that the four payments made to [REDACTED] were installments on a single consulting agreement valued at $30,000. Mrs. Sturgis has pled guilty and agreed to, in the Statement of Facts, this bribe and this bribe alone. The Government glosses over its baseless assumption that Mrs. Sturgis is suddenly responsible for other consultants and payments to them. The Government incorrectly states that this other party was a subordinate, but they are correct in that Mrs. Sturgis did not receive money or anything of value from this other consultant or this supposed subordinate. If the co-worker, that is incorrectly listed as a subordinate, was given the additional $15,000 as the Government contends, then it lends credibility to the concept that the co-worker is the one responsible for any scheme involving her boyfriend/the other consultant.

Mrs. Sturgis accepts responsibility for the money taken in the amount of $30,000, to which she has pled guilty, and as a result her base level should be increased by four levels (not six levels), pursuant to pursuant to USSG § 2B1.1(b)(1)(C).

### C. **Defendant was Not in a High-Level Decision-Making nor Sensitive Position**

Mrs. Sturgis asserts that her position was not that of a public official in a high-level decision-making or sensitive position. The Sentencing Guidelines define "high-level decision making or sensitive position" as "a position characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process" and state "a public official in a high-level decision-making position include a prosecuting attorney, a judge, an agency administrator, and any other public official with a similar level of authority. Examples of a public official who holds a sensitive position include a juror, a law enforcement officer, an election official, and any other similarly situated individual. *See* USSG § 2C1.1, *Application Note 4(A) & (B)*. These do not apply to Mrs. Sturgis.

Mrs. Sturgis was an employee of Broadcasting Board of Governors, one of many contracting specialists. Despite the Government's claims that Mrs. Sturgis had an "unlimited warrant," Mrs. Sturgis had direct supervisors who were ultimately responsible for making decisions, including awarding contracts. Mrs. Sturgis did not possess any final approval powers and required her superiors to sign off on any and all contracts. Taking into consideration the guideline definitions, Mrs. Sturgis clearly is not a prosecutor or a judge, but she was also not an agency administrator or possess a similar level of authority as one. Despite being middle management, Mrs. Sturgis' authority was limited. She was also not a juror, law enforcement officer, or election official, and she was not similarly situated.

Mrs. Sturgis does not excuse or attempt to excuse her behavior but her behavior, while wrong and illegal, was that of an employee that conspired with other persons to commit bribery.

For that she is guilty but she is a cog, not a controller, and therefore her guideline calculation should not be increased by four levels, pursuant to USSG § 2C1.1(b)(3).

### D. The Appropriate Advisory Sentencing Guidelines Range is 18-24 Months

Mrs. Sturgis is in Criminal History Category I as she has no prior convictions. The proper calculations are as follows:

| | |
|---|---:|
| Base Offense Level; § 2C1.1(a)(1): | 14 |
| Loss more than $15,000; § 2B1.1(b)(1)(C): | + 4 |
| Acceptance of responsibility; §3E1.1(a): | - 2 |
| Acceptance of responsibility-timely notification; §3E1.1(b): | - 1 |
| TOTAL OFFENSE LEVEL: | 15 |

The guideline for an offense level 15 with a Criminal History Category I is an advisory sentencing range of 18-24 months imprisonment.

## II.   SENTENCING FACTORS AS APPLIED TO MRS. STURGIS

When determining the appropriate sentence of Mrs. Sturgis, this Honorable Court must consider the factors in 18 U.S.C. § 3553(a), including:

1)   the nature and circumstances of the offense and the history and characteristics of Mrs. Sturgis;

2)   the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and to provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3)   the kinds of sentences available;

4)   the sentencing ranges promulgated by the Sentencing Commission and Guidelines;

5)   the pertinent policy statements issued by the Sentencing Commission;

6)   the need to avoid unwarranted sentencing disparities; and

7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)(2)(3)(4)(5)(6)(7); United States v. Booker, 543 U.S. 220, 245 (2005).

### A. Mrs. Sturgis' History and Characteristics

Mrs. Sturgis is a sixty-one (61) year old woman, with no prior convictions in state or federal court. Mrs. Sturgis has been married to Mr. Robert Sturgis for 22 years. Mrs. Sturgis has two adult children from a previous relationship; Anthony Winfield, 41, of Philadelphia, Pennsylvania and Lauren Winfield, 34, of Glassboro, New Jersey, whom she raised as a single parent for a large part of their lives.

Mrs. Sturgis' parents have passed away. Her father, Allen Roache, passed away in 1990 from a brain aneurysm when he was 63 years old and her mother, Frances Roache, passed away in 2007 from congenital heart failure when was 71 years old. Mrs. Sturgis has seven (7) siblings in total, four sisters and three brothers. Her youngest sister passed away in 2017.

Mrs. Sturgis grew up in Philadelphia, Pennsylvania with a very dysfunctional family life full of abuse, both physical and sexual, alcoholism, and mental illness. Mrs. Sturgis has survived vicious attacks with lye as a child, endured a murder in the family, and guided her own child through sexual trauma.

From an early age, Mrs. Sturgis has always had to be the responsible person in the family given her mother's inability to care for herself or the family. Ms. Sturgis has worked consistently since she was a teenage eventually beginning her work with the United States government in 1981 as a civilian employee with the United States Navy.

Mrs. Sturgis has a high school diploma from Edward W. Bok Technical High School and attended University of Phoenix and American InterContinental University from 2002 to 2004,

where she maintained a GPA of 3.33, until she had to withdraw due to family issues and medical conditions.

Mrs. Sturgis suffers from [REDACTED]. To address these and her other issues, Mrs. Sturgis has participated in various forms of counseling and treatment over the past two decades, mostly recently arranging a steady and positive therapeutic relationship with her current doctor, Dr. Karen Saporito. *See PSR* at 15 ¶ 90.

Prior to, and after, her offense, Mrs. Sturgis has led a good life full of caring for others in the midst of the many issues she faced in her own life, which can be attested to at sentencing. Since the beginning of the government's investigation, Mrs. Sturgis has expressed remorse and accepted responsibility for her actions. She has recognized the significant impact her actions have had, not only on her life, but on that of the American taxpayers and even her husband and children.

Mrs. Sturgis has taken responsibility for her actions, pled guilty to the sole count of the information, and cooperated with the Government in all manners requested. Mrs. Sturgis is supported by not only her husband, but her close friends and family. This includes her children and siblings, some of which would like to be present at her sentencing to testify before this Honorable Court and describe the Diane Sturgis known to each of them as a woman with a large heart, kind spirit, and positive, hard-working attitude.

  B. **Nature of the Offense**

The crime to which Mrs. Sturgis has pled guilty is a serious offense and she has taken full responsibility for them. Mrs. Sturgis pled guilty to one count of Conspiracy to Commit Bribery and Honest Services Wire Fraud, in violation of 18 U.S.C. § 371.

By way of background, Mrs. Sturgis in her capacity as a contract specialist for the Broadcasting Board of Governors worked with the owner of [REDACTED], [REDACTED], and

awarded her a Statement of Work to in return pay [REDACTED], the sum of $30,000 in a consulting position that required little to no work.

      **C.**      **The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with the Needed Educational or Vocational Training, Medical Care in the Most Effective Manner.**

The sentence imposed must reflect the seriousness of the crimes committed. However given Mrs. Sturgis's lack of prior criminal history, the nature of the crime i.e. theft from a single victim/entity, and her true remorse and regret, this Court can be assured that Mrs. Sturgis will not have any future contact with any criminal court.

Mrs. Sturgis understands the severity of the crime to which she pled guilty. She has thoroughly read all pertinent reports produced by the Government in regard to the companies and governmental entities affected by her actions. Mrs. Sturgis has pled guilty, knowing the severe consequences her plea could have during sentencing. Despite the grave consequences permitted under the law, Mrs. Sturgis owned up to her wrongdoing, cooperated with the Government during its investigation and pled guilty in a timely manner. She looks to the mercy of this Honorable Court to provide a just sentencing given the facts described *supra*.

Mrs. Sturgis has accepted responsibility and now will be branded as a felon when applying for housing, employment, governmental positions and/or community service activities. The limitations the label itself puts on Mrs. Sturgis is severe, punishing, and will ensure Mrs. Sturgis will never be in another position such as payroll coordinator or a similar occupation again.

Finally, Mrs. Sturgis is not a danger to the community at large and the chance of recidivism is nil. Mrs. Sturgis has loved ones and a beloved husband, whom she will be potentially and painfully separated. This Honorable Court should find that Mrs. Sturgis's conspiracy to commit

bribery and honest services wire fraud justifies the minimum allowed under the law and, without diminishing the gravity of the offense, requires no more than the minimum to impart the lesson the penal system has sought to teach.

### D. The Kinds of Sentences Available

This Court has complete discretion in determining the appropriate sentence. When determining the appropriate sentence this Court is not required to impose the recommended guideline range; rather, this Court must impose "a sentence sufficient, but not greater than necessary" to comply with 18 U.S.C. § 3553. The recommended guideline range is only one of the factors that a Court should consider when imposing a sentence. Gall v. United States, 552 U.S. 38, 59 (2007); also see Kimborough v. United States, 552 U.S. 85, 90-91 (2007); also see United States v. Booker, 543 U.S. 220, 245 (2005). The United States Supreme Court further instructed the district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing" and to consider the factors laid out in 18 U.S.C. Section 3553. Kimborough, 552 U.S. at 101 (citing 18 U.S.C. Section 3553(a)).

Although all federal crimes are serious, "the punishment should fit the offender and not merely the crime." Pepper v. United States, 131 S.Ct. 1229, 1240 (2011).

The Government has included in the plea facts and circumstances lowering the guidelines in this case, pursuant to USSG § 3E1.1(a) and (b), including acceptance of responsibility and acceptance of responsibility with a timely notification of intent to plead guilty.

### E. The Need to Provide Restitution to Any Victims of the Offense

Mrs. Sturgis acknowledges that there are many entities related to the offense to which she has pled guilty. Admittedly, the taxpayers were victims of Mrs. Sturgis's behavior but only the

9

Broadcasting Board of Governors (now called the U.S. Agency for Global Media) is a victim of the offense for restitution purposes.

Mrs. Sturgis fully understands the nature of her offense and will continue to work to pay her debt, court costs and fines, and the proper restitution of $30,000. If the court orders a term of incarceration, she will participate in the Bureau of Prisons Inmate Financial Responsibility Program and contribute a portion of her monthly prison work earnings toward any due fines and restitution.

### III. CONCLUSION

Considering all of the above factors, Mrs. Sturgis respectfully requests this Honorable Court find that the appropriate offense level is 15, placing her in an advisory sentencing range of 18-24 months imprisonment and, if the guideline calculations are unchanged, to vary from the applicable guideline range based upon the 18 U.S.C. § 3553 factors and sentence Mrs. Sturgis to 18-24 months or a probationary sentence for any period of time that this Court deems appropriate.

Respectfully submitted,

DIANE STURGIS
By Counsel

_____/s/_____
Michael van der Veen
*van der Veen, O'Neill, Hartshorn, and Levin*
Attorney for Defendant
1219 Spruce Street,
Philadelphia, PA 19107
mtv@mtvlaw.com
P: (215)-546-1000   F: (215)-546-8529
*Counsel for Defendant, Admitted Pro Hac Vice*

                                                    _____/s/_____
Jeffrey D. Zimmerman, VA Bar #38858
*Jeffrey Zimmerman, PLLC*
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911  Fax (703) 548-8935
zimpacer@gmail.com
*Local Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2021, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

                                          _____/s/_____
JEFFREY D. ZIMMERMAN
VA Bar #38858
Jeffrey Zimmerman, PLLC
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911
Fax (703) 548-8935
zimpacer@gmail.com